FILED

2017 JUL 17 PM 4:22

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Civil Action No.: 6:17-cv-1316-ORL-37-DCI

GAETANA GANT,

Plaintiff,

v.

ACCOUNTS RECEIVABLE TECHNOLOGIES, INC.,

Defendant.

_____/

### PLAINTIFF'S COMPLAINT

Plaintiff, GAETANA GANT ("Plaintiff"), through her undersigned attorney, alleges the following against Defendant, ACCOUNTS RECEIVABLE TECHNOLOGIES, INC. ("Defendant"):

#### INTRODUCTION

1. Plaintiff's Complaint is based on the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.* and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

#### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 47 U.S.C. § 227.

3. Jurisdiction of this court arises pursuant to 47 U.S.C. § 227, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over any state claims contained within.

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing in Titusville, Florida.

6. Plaintiff is a consumer as that term is defined by Fla. Stat. § 559.55(2).

7. Plaintiff and Defendant are persons as defined by 47 U.S.C. § 153.

8. Plaintiff allegedly owes a debt as that term is defined by Fla. Stat. § 559.55(1).

9. Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a collection agency domiciled in Piscataway, New Jersey.

11. Defendant is a business entity engaged in the collection of debt within the State of Florida.

12. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

13. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties or using a trade name.

14. During the course of its attempts to collect debts, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

15. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

16. Upon information and belief, Defendant is attempting to collect an alleged consumer debt from Plaintiff.

17. In or around March, 2016, Defendant began calling Plaintiff on Plaintiff's cellular telephone.

18. In or around March, 2016, Plaintiff answered one of Defendant's calls and spoke with one of Defendant's collectors.

19. During the aforementioned conversation, Plaintiff told Defendant's collector that she was not the intended recipient of the calls and to stop calling.

20. On multiple occasions since the aforementioned conversation, Plaintiff has spoken with Defendant's collectors and told them to stop calling.

21. Despite Plaintiff's requests, Defendant continued to place collection calls to Plaintiff's cellular telephone.

22. Defendant's calls used a prerecorded or artificial voice message.

23. When Plaintiff answered Defendant's calls, Plaintiff was met with a prerecorded message before Plaintiff could speak with a person.

24. Upon information and belief, these calls were placed via an Automatic Telephone Dialing System ("ATDS").

25. Defendant's calls were not placed for emergency purposes.

26. Plaintiff never provided Defendant with consent to call Plaintiff's cellular phone.

27. Plaintiff revoked any consent Defendant may have believed it had to call Plaintiff's cellular phone.

28. Upon information and belief, Defendant knowingly and intentionally called Plaintiff via

an ATDS and with an artificial or prerecorded voice without Plaintiff's consent.

29. Defendant's collectors were working within the course and scope of their employment when they communicated with Plaintiff.

30. Defendant's collectors are familiar with the FCCPA.

31. The natural consequence of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

32. The natural consequence of Defendant's statements and actions was to cause Plaintiff mental distress.

## VIOLATIONS OF THE FCCPA

33. The preceding paragraphs are incorporated as if fully stated herein.

34. Defendant is liable under Fla. Stat. §559.72(7) for using harassing and abusive conduct to collect the alleged debt.

## VIOLATIONS OF THE TCPA

35. The preceding paragraphs are incorporated as if fully stated herein.

36. Defendant is liable under 47 U.S.C. § 227(b)(1) for placing ATDS and prerecorded or artificial voice calls to Plaintiff's cellular phone without consent.

37. These calls were made knowingly and willfully.

## JURY DEMAND

38. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that judgment be entered in Plaintiff's favor and against Defendant, including the following relief:

1. An injunction requiring Defendant to cease all collection efforts against Plaintiff for the alleged debt.

2. Statutory damages of $1,000 pursuant to Fla. Stat. § 559.77(2).

3. Statutory damages of $1,500 per call for Defendant's willful violations of the TCPA.

4. Statutory damages of $500 per call for Defendant's negligent violations of the TCPA.

5. All actual damages suffered by Plaintiff pursuant to Fla. Stat. §559.77(2).

6. All costs and attorney's fees incurred by Plaintiff pursuant to Fla. Stat. §559.77(2).

7. Any other relief that this Court deems appropriate.

DATED: July 14, 2017

RESPECTFULLY SUBMITTED,

**CHRISTOPHER R. TURNER, PLLC**
*Attorney for Gaetana Gant*
1305 E. Robinson St.
Orlando, FL 32801
Telephone: 407-796-2278
Facsimile: 407-630-8737

By: _____
Florida Bar Number 47150
Designated Service Address:
eservice@crtlegal.com

5